IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

DENNIS HOHOL,

                                                                          OPINION AND ORDER

                      Petitioner,

                                                                            20-cv-873-bbc

     v.

STATE OF WISCONSIN,

                      Respondent.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

On November 9, 2020, I dismissed without prejudice the pro se petition for a writ of habeas corpus filed by petitioner Dennis Hohol under 28 U.S.C. § 2254, because he had already filed a previous federal habeas petition regarding his 2002 convictions and had failed to obtain the necessary preliminary authorization required under 28 U.S.C. § 2244(b)(3)(A). Dkt. #4. Now petitioner has filed a motion for reconsideration of that order. Dkt. #6.

Like his petition, petitioner's motion is convoluted and confusing, but I understand him to be making two arguments. First, he seems to believe that the federal habeas corpus petition that he filed in this court on December 6, 2019 in case no. 19-cv-993-bbc does not count as an initial petition because it was denied and dismissed. However, a "second or successive" petition is one in which the prisoner is challenging the same conviction and sentence that he challenged in a previous petition. In re Page, 179 F.3d 1024, 1025 (7th Cir. 1999). The fact that petitioner's previous petition was denied as barred by either the one-year statute of limitations or the doctrine of procedural default does not mean that it did not count as a petition. Altman v. Benik, 337 F.3d

1

764, 766 (7th Cir. 2003) (prior petition denied as untimely or based on procedural default operates as "irremediable defect barring consideration of petitioner's substantive claims").

Second, petitioner argues that his second petition is different, because it challenges the administrative decisions denying him parole in 2011, 2015 and 2019, and not his original conviction or sentence. Petitioner raises a fair point. However, a review of court records shows that petitioner did in fact challenge the 2011 denial of his parole in case no. 14-cv-81-bbc, meaning that his current challenge to the 2011 parole denial is successive. Although it does not appear that petitioner has ever filed a federal habeas petition with respect to the 2015 and 2019 denials, he raises the same type of challenges that he raised in case no. 14-cv-81-bbc and they fail on the merits for the same reasons explained in his previous case. See dkt. #2, case no. 14-cv-81-bbc.

It is difficult to understand the scope of petitioner's claims, but he seems to be arguing that the parole commission was biased against him, did not include enough members and denied him parole because he refused to admit guilt for his crime. In addition, I understand him to be saying that he should have received counsel and a full trial before the commission made a decision about his parole. Documents attached to the affidavit that petitioner submitted in support of his petition show that he is subject to the discretionary parole scheme known as "presumptive mandatory release." Dkt. #2-1 at 1. See also Wis. Stat. §§ 302.11(1g)(am) and (b) (granting Wisconsin Parole Commission authority to deny release to inmate on presumptive mandatory release on certain

2

grounds). The Wisconsin Court of Appeals has explained that the parole commission's discretion under a presumptive mandatory release scheme is "virtually unlimited," and therefore "does not create a protectable liberty interest in parole." Gendrich v. Litscher, 2001 WI App 163, ¶ 7, 246 Wis. 2d 814, 623 N.W.2d 878 (describing Wisconsin's parole schemes). In addition, it is well established that prisoners seeking parole do not have the same rights as an accused in a criminal trial, which includes the right to counsel or a full trial. Grennier v. Frank, 453 F.3d 442, 444 (7th Cir. 2006); Ganz v. Bensinger, 480 F.2d 88, 90 (7th Cir. 1973). It is also well established that officials may consider a prisoner's refusal to accept responsibility for his crime in making early parole decisions. McKune v. Lile, 536 U.S. 24, 44 (2002) ("States may award good-time credits and early parole for inmates who accept responsibility."); Pettigrew v. Frank, 3:07-CV-00690-BBC, 2008 WL 4265327 (W.D. Wis. Jan. 28, 2008); State ex rel. Warren v. Schwarz, 219 Wis. 2d 615, 634, 579 N.W.2d 698, 707 (1998). For these reasons, petitioner cannot show that he was deprived of a liberty interest when he was denied parole. Akbar v. Thurmer, No. 09-C-1045, 2010 WL 1375214, at *1 (E.D. Wis. Apr. 2, 2010) (dismissing § 2254 attack on parole commission's decision to deny parole under § 302.11 because there was no liberty interest at issue); Tooley v. Smith, No. 06-C-583-S, 2006 WL 3813657, at *1 (W.D. Wis. Dec. 21, 2006) (same); Wery v. Lautenschlager, No. 05-C-0896, 2005 WL 2176961, at *1 (E.D. Wis. Sept. 8, 2005) (same); McGrath v. Morgan, No. 05-C-393-C, 2005 WL 2002504, at *2 (W.D. Wis. Aug. 18, 2005) (same).

Finally, under Rule 11 of the Rules Governing Section 2254 Cases, the court must issue or deny a certificate of appealability when entering a final order adverse to a petitioner. To obtain a certificate of appealability, the applicant must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); Tennard v. Dretke, 542 U.S. 274, 282 (2004). This means that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Miller El v. Cockrell, 537 U.S. 322, 336 (2003) (internal quotations and citations omitted). Because reasonable jurists would not debate whether this petition should be dismissed, I will not issue petitioner a certificate of appealability. He may seek a certificate from the court of appeals under Fed. R. App. P. 22.

ORDER

IT IS ORDERED that

1. Petitioner Dennis Hohol's motion for reconsideration, dkt. #6, is GRANTED with respect to his challenges to the 2015 and 2019 decisions denying him parole and DENIED in all other respects.

2. The court's November 2, 2020 order dismissing petitioner's petition is AMENDED as follows:

   a. Petitioner's petition for a writ of habeas corpus is DISMISSED without prejudice with respect to his claims challenging his 2002 convictions and the 2011

4

decision denying him parole, for petitioner's failure to obtain the necessary preliminary authorization required under 28 U.S.C. § 2244(b)(3)(A).

    b.  Petitioner's petition for a writ of habeas corpus is DENIED with respect to his claims challenging the 2015 and 2019 decisions denying him parole.

    c.  No certificate of appealability shall issue.

Entered this 3d day of December, 2020.

                        BY THE COURT:

                        /s/

                        _____
                        BARBARA B. CRABB
                        District Judge