DENNIS HOHOL #436152
REDGRANITE CORRECTIONAL INSTITUTION
P.O. BOX 925
REDGRANITE, WI 54970-0925

"CERTIFICATE OF APPEALABILITY"

CASE- 20-cv-873-bbc

U.S.C.A. - 7th Circuit
RECEIVED
DEC 21 2020
DS

OFFICE OF THE CLERK
UNITED STATES COURT OF APPEALS
FOR SEVENTH CIRCUIT
219 DEARBORN STREET
CHICAGO, IL 60604-1874

Re: A "COA" FROM DENIAL OF JUDGE BARBARA CDABB, A DENIAL OF MR.
HOHOL'S HABEAS CORPUS--CASE OPINION & ORDER 20CV873-bbc:

TO WHOM IY MAY CONCERN:
JUDGE CRABB DENIED THE HABEAS CORPUS CLAIM ON 12-03-2020, WITHOUT
PREJUDICE AND NO "COA" FOR MY DENIAL:
PAGE ONE AS CITED PER JUDGE CRABB:
(A) MR. HOHOL HAD ALREADY FILED A PREVIOUS FEDERAL HABEAS PETITION
REGARDING HIS 2002, CONVICTIONS. THIS IS TRUE BUT MY HABEAS CORPUS
FILED IN 2019, IS ALL LISTED IN GROUND ONE REASONING OF FILING
IT DOES IN PLAIN ENGLISH STATE DENIAL OF MR. HOHOL PAROLE IN HIS
DATED HEARINGS OF 2011, 2015, & 2019 BECAUSE MR. HOHOL WILL NOT
ADMIT HE IS GUILTY:

NOW PETITIONER HAS FILED A MOTION FOR RECONSIDERATION ON 12-06-2020
OF THAT ORDER, (DKT.#6, PER JUDGE CRABB, AS IS PROFOUNDED PREJUDICIAL
TO WHAT MY 2019 HABEAS CLAIM STATES-NOT THE 2002, CASES BUT ONLY
DENIAL OF PAROLE REASONINGS:
JUDGE CRABB MISS DIAGNOSIS THAT HOHOL'S CLAIMS ARE OF MAKING TWO
ARGUMENTS:
(A) BELIEVES THE 12-06-2019 HABEAS CORPUS DOES NOT COUNT AS AN
INITIAL PETITION BECAUSE IT WAS DENIED AND DISMISSED AS "SUCCESIVE
PETITION IS THAT HOHOL IS WRONG: FALSE-MR. HOHOL IS RIGHT BECAUSE
THE 2019 PETITION WAS THE FIRST PETITION HOHOL FILED AS TO THE
2011, 2015 & 2019, PAROLE DENIALS AND THIS WAS DENIED BY JUDGE CRABB
THE STATEMENT OF BEING BARRED BY A ONE YEAR STATUTE OF LIMITATION
FROM 2019, DATE OF PAROLE DENIAL IS NOT A VIOLATION OF ONE YEAR
BECAUSE IT IS IN 2020.

ALMAN V. BENIK, 337 F.3d 764,766 (7th Cir.2003)
PER JUDGFE CRABB ON 12-03-2020, APPLIES WHEN IT IS SHOWN THAT THE
CONSTITUTIONAL VIOLATION RESULTED IN CONVICTION OF A DEFENDANT WHEN
INNOCENT:SEE "FACTUAL INNOCENCE":SEE HERRERA V. COLLINS, 506 U.S.
390,113 S.CT.853,122 L.ED.2d 203 (1993):
SEE SUCCESSIVE PETITIONS-UNDER HERRERA, STATES "A SECOND OR SUB-
SEQUENT PETITION-COULD RAISE EITHER THE SAME CLAIM THAT WAS RAISE
IN THE EARLIER PETITION OR RAISE A DIFFERENT CLAIM-THIS IS BEING
DENIED TO HOHOL PER JUDGE CRABB IN HER DECISION FOR DENIAL.
ON PAGE TWO:
JUDGE CRABB STATES HOHOL IS SUBJECT TO A "DISCRETIONARY PAROLE SC$_{HEME}$
AS "PRESUMPTIVE MANDATORY RELEASE"GRANTING WIS. PAROLE COMMISSION
TO DENY RELEASE TO MR. HOHOL AS ON CERTAIN GROUNDS AND THE JUDGE
CITES,"DOES NOT CREATE A PROTECTABLE LIBERTY INTEREST INPAROLE:
THIS IS FALSE PER MR. HOHOL'S REASONING:
PAGE #3):

JUDGE CRABB CITED CASE GRENNIER V. FRANK,453 F.3d 442,444 (7th Cir,
◊ 1973) BEING THAT OFFICIALS MAY CONSIDER A PRISONER'S REFUSAL,TO
ACCEPT RESPONSIBILITY FOR HIS/HER CRIME MAKING EARLY PAROLE
DECISIONS:
IN CASE OF GRENNIER-IT GIVES RIGHT TO DEFENDANT'S TO HAVE COURT-
APPOINTED ATTORNEYS IF NEEDED:
DOES NOT CITE AS JUDGE CRABB VERSION OF,"A PRISONER'S REFUSAL:

IN McKUNE,A PRISONER WHO REFUSES TOMAKE SUCG MANDATED ADMISSIONS
AND DISCLOSURES AS PART OF A TREATMENT PROGRAM-VIOLATES A FIFTH
AMENDMENT PRIVILEGE.

IN CASE OF GENDRICH V. LITSCHER,2001 WI APP.163,CH.7,246 WIS.2d
814,623 N.W.2d 878 (WIS. PAROLE SCHEME):
"MEANING OF SCHEME:
A SYSTEMIC PLAN;A CONNECTED OR ORDERLY ARRAINGEMENTS OF RELATED
CONCEPTS&&< LEGISLATIVE SCHEME8888>AN ARTFUL PLOT OR PLAN,TO
DECIVE OTHERS &< A SCHEME TO DEFRAUD OTHERS:XXX> A FALSE IMPRESS-
ION BY OTHERS TO OTHERS-MISTAKEN IMPRESSION-FAILS TO ADMIT TO ONE
SELF IS TRUE✶> USED BY JUDGE CRABB•:
VERTUALLY MEANS ALMOST• UNLIMITED-NOT RESTRICTED IN NUMBERS,
ɊUANTILY OR EXTENT•.POSSIBILITY•.
ɅES NOT MATCH JUDGE CRABB'S INTENTIONS.

PAGE 3:
FOURTH AMENDMENT-RIGHTS OF PROBATION AND PAROLEES ARE NOT ONLY
LIMITED BECAUSE THE PROBATION AND PAROLE CONDITIONS TO WHICH THEY
ARE SUBJECT BUT ALSO BECAUSE CONSTITUTION APPLIES DIFFERENTLY TO
THEM THAN IT DOES TO ORDINARY CITIZENS BUT SEE GRIFFIN V. WIS.
483 U.S.868,107 S.CT.316,97 L.ED.2d 709 £1987·:
RELATES TO WARRENTLESS SEARCHES-WITHOUT PROBABLE CAUSE:
JUDGE CRABB USED THE ISSUE AT Id.,AS HOHOL BEING PROBATION <
PAROLEBUT THE JUDGE RELATES THIS TO HOHOL AS HE IS NOT ON PAROLE
OR PROBATION AND IS NOT ON PAROLE AS IS TOTALLY PREJUDICE TO MR.
HOHOL AND SHOULD BE CORRERCTED:

STAT.973.09-PROBATION: PROBATION IS PROHIBITED FOR A PARTICULAR
OFFENSE BY STATYTE THE COURT MAY IMPOSE ANY CONDITION WHICH
APPEARS TO BE REASONABLE AND APPROPRIATE:
IF THE COURT imposes a term of probationUNDER SUB.(2)(A)(1),OR
2,OR (B) 2.IT SHALL PLACE ITS REASONS FOR DOING SO ON THE RECORD.
THE WAUKESHA COUNTY CIRCUIT COURT DID NOT CIUTE ANY TERMS OF
PROBATION ON THE JUDGMENT OF CONVICTION DATED 10-31-2002:

THE REDGRANITE CORRECTION STAFF LISTED A "PRESUMPTIVE RELEASE RESTRIC-
TION,NOT THE COURT IN 2018,FOR WHICH THIS IS A VIOLATION OF DUE
PROCESS & CONSTITUTIONAL RIGHTS VIOLATION TO DEFENMDANT HOHOL
BECAUSE A CIRCUIT COURT LOOSES IYS JURISDDICTION AFTER(90)DAYS
AND IT HAS BEEN 18-YEARS LATER AS OF NOW FOR THE PRISON STAFF AND
FOR JUDGE CRABB TO ALTER ANY JUDGMENTS"
STAT.973.09(1)(d)(E)-THE COURT MAY IMPOSE A SENTENCE UNDER STAT.
973.032,STAY ITS EXECUTION AND PLACE THE PERSON ON PROBATION:
A COURT MAY NOT PROVIDE THAT A CONDITION OF ANY PROBATION INVOLVE
PARTICIPATION IN THE INTENSIVE SANCTIONS PROGRAM:

PAGE 4:
THE COURT MUST ISSUE OR DENY A "COA" WHEN ENTERING A FINAL ORDER
ADVERSE TO A PETITIONER:
JUDGE CRABB HAS NOT CITED THAT HER DECISION TO DENY IS A FINAL
ORDER (?) JUDGE CRABB DOES STATE,HE,Re: MR. HOHOL,MAY SEEK A "COA
FROM COURT OF APPEALS UNDER FED. R. APP.P.22:
IT IS ORDERED BY JUDGE CRABB:
(1) PETITIONER'S PETITION FOR HABEAS IS DISMISSED WITHOUT PREJ-

UDICE FOR DENYING HOHOL PAROLE:
(B) PETITIONER'S PETITION FOR HABEAS IS DENIED TO HIS CLAIMS CHAL-
    LENGING THE 2015 & 2019,DECISIONS DENYING HIM PAROLE:
JUDGE CRABB THUS CONTRADICTS WHAT IS AT #1 AT Id.(7):
(C) NO "COA" SHALL ISSUE PER JUDGE CRABB):

IN CASE -EL V. COCKRELL,JUDGE CRABB,CITES THIS CASE AS "REASON-
ABLE JURISTS COULD DEBATE,BUT THIS CASE CITES (CROSS-EXAMINATION
REGARDING DEFENDANT PRAYED,AS NOTHING ON A REASONABLE JURIST IS
MENTIONED HERE. CASE BEING 537 U.S.322,336 (2003) UNDER 341-PRE
OF CORRECTIONS OF DEMEANOR OF PROSECUTOR & JURORS,337- STATUTES
DESIGN IS TO 'FACTER PRINCIPLES OF COMITY,FINALITY & FEDERATION:
336-37- 'coa' should be separate proceeding.nothing citing A JURY
BY JUDGE CRABB:
IN CASE OF GANTZ V. BENSINGER,480 F.2d 90 (7th Cir.1973):
JUDGE CRABB CITES-IT IS WELL ESTABLISHED THAT OFFICIALS MAY
CONSIDER A PRISONER'S REFUSAL TO ACCEPT RESPONSIBILITY FOR CRIMES
IN MAKING EARLY PAROLE DECISIONS:(?)
OTHERWISE IF A DEFENDANT WOULD ADMIT GUILT,HE/SHE WILL RECEIVE
EARLY PAROLE:(?)
THIS DOES NOT MATCH WHAT THE LAW STATES THAT A PERSON DOES NOT HAVE
TO ADMIT GUILT PER DOC WIS. THAT WHEN YOU TAKE AN SOT CLASS UPON-
IF HE /SHE ADMITS HIS/HER INNOCENCE:(?)
IN CASE GRENNER V. FRANK,453 F.3d 442,444 (7th Cir.2006)AS THE JUDGE
CRABB STATED:"IT IS ALSO WELL ESTABLISHED THAT OFFICIALS MAY CONSID-
ER A PRISONER'S REFUSAL TO ACCEPT RESPONSIBILITY FOR HIS CRIME
IN MAKING EARLY PAROLE DECISIONS:(FALSE) (WIS. STATE PRISONER'
CONVICTED OF FIRST DEGREEMURDERED&SENTENCED TO LIFE IMPRISONMENT
AS IN PAROLE OR PAROLE HEARING:ALSO OFFERED PAROLE AFTER 20-
YEARS IN PRISON:SEE U.S.C.A. CONST.AMEND.14;WSA 304.06(1)(A) AS
31-CASES CITED THIS:
CONST.LAW:
IT TAKES MANDATORY LANGUAGE AND THIS AN ENTITLELMENT TO PAROLE
CONTINGENT ON FACTS THAT COULD BE ESTABLISHED AT A PAROLE HEARING
TO CREATEA DUE PROCESS LITIGATION OF LIBERTY OR PROPERTY INTEREST
IN AN OPPORTUNITY TO BE RELEASED ON PAROLE:U.S.C.A. CONST.AMEND.
(14)--13-CASES CITED:
CONST. LAW PARDON/PAROLE:

-4-

WIS. PAROLE OFFICIALS' FAILURE TO GRANT PAROLE TO STATE PRISONERS
CONVICTED OF FIRST DEGREE MURDER AND SENTENCED TO LIFE IMPRIS-
ONMENT DID NOT VIOLATE EX POST FACTO CLAUSE: U.S.C.A. CONST.
ART.1, STAT.9,CL.3: 7-CASES CITED:

CONST. LAW:
STATUTES AND REGULATIONS GOVERNING PAROLE ARE LAWS FOR PURPOSES
OF THE EXPOST FACTO CLAUSE AND STATES MAY NOT CHANGE THEIR LAWS IN
WAYS THAT INCREASES PUNISHMENT FOR EARLIER CRIMES.U.S.C.A. CONST.
ART.1,STAT.9,CL.3 12-CASES CITED:

PAROLE OFFICIALS WHO BECOME MORE CONCEIVED WITH PUBLIC SAFETY AND
WHO ACT ON THAT CONCERN BY INSISTING THAT PRISONERS COMPLETE
SEX OFFENDER TREATMENT PROGRAMS BEFORE RELEASE ON PAROLE DENIAL
DO NOT VIOLATE THE EXPOST FACTO CLAUSE OR THE DUE PROCESS CLAUSE:
U.S.C.A. CONST.ART.1,STAT.9,CL.3,U.S.C.A. CONST. AMEND.14--21-
CASES CITED:

AT Id.,DOES NOT PERTAIN TO HOHOL'S CLAIMS AS IT RELATES TO MURDER
AND NOT DENIAL OF PAROLE BECAUSE DEFENDANT WILL NOT ADMIT HE IS
GUILTY BEFORE THE COMMISSION BOARD WILL GRANT HOHOL PAROLE:
IN CASE STATE EX REL. WARREN V. SCHWARZ,219 WIS.2d 615,639,579
N.W.2d 698,707 (1998):

IN WARREN-DEFENDANT'S RIGHT TO DUE PROCESS WAS NOT VIOLATED
WHEN THE STATE REVOKED HIS PROBATION FOR HAVING TO ADMIT HIS GUILTY
DURING PROBATIONARY TREATMENT:211 WIS.2d 708,566 N.W.2d 173:
DEFENDANT'S RIGHT TO DUE PROCESS WAS NOT VIOLATED WHEN THE STATE
OF ENTRY OF AN ALFORD PLEA: U.S.C.A. CONST.AMEND.14):
W.S.A. CONST. ART.1,STAT.1;6-CASES CITED:
(PROBATION REVOCATION):

CRIMINAL LAW:
AN ALFORD PLEA PLACES THE DEFENDANT IN THE SAME POSITION AS
THOUGH HE/SHE HAD BEEN FOUND GUILTY BY THE VERDICT OF A JURY:
MR. HOHOL DID NOT ADHERE TO AN ALFORD PLEA,VERDICT BY JURY,OR
PROBATION AS JUDGE CRABB INDICATES IN HER DENIAL DECISION:

PETTIGREW V. FRANK,2008 WL 4263327 (W.D. WIS.01-28-2008):
IT IS COMMON FOR PERSONS ENTERING PRISON TO HAVE AN EVIDENTIARY
EVALUATION OF THE REASONS FOR THEIR CRIMINAL BEHAVIOOR AND THEIR
TREATMENT NEEDS,FOR THE RESULTING EVALUATIONS TO BE RECORDED IN T
THEIR ERECORDS AND FOR AUTHORITIES WHO MAKE PROGRAMMING AND PAROLE
DECISIONS TO BASE THEIR DECISIONS IN WHOLE OR PART OF IDENTIFICATION

AS A PERSON IN NEED OF SEX OFFENDER TREATMENT THAT CREATES A LIBERTY
INTEREST:SEE SANDIN V. CONNER,515 U.S.472,484,115 S.CT.2293,132
L.ED.2d 418 (1985)("<LIBERTY> INTEREST WILL BE GENERALLY LIMITED
TO FREEDOM FROM RESTRAINT WHICH,WHILE NOT EXCEEDING THE SENTENCE
IN SUCH AN UNEXPECTED MANNER AS TO GIVE RISE TO PROTECTION BY THE
DUE PROCESS CLAUSE OF ITS OWN FORCE,NONETHELESS IMPOSES ATYPICAL
AND SIGNIFICANT HARDSHIP ON THE INMATE IN RELATION TO THE ORDINARY
INCIDENT OF PRISON LIFE:
MUST STATE HIS/HER DUE PROCESS RIGHTS UNDER THE 14th AMENDMENT
WRE VIOLATED:

IN JUDGE CRABB'S DECISION FOR DENIAL IN MR. HOHOL'S CASES,THERE
HAS BEEN "PLAIN ERROR" COMMITTED BY JUDGE CRABB,BEING DESCRIBED AN
"ERROR SO FUNDAMENTALLY,THAT RELIEF MUST BE GRANTED EVEN THOUGH
THE ACTION BY MR. HOHOL,WAS NOT OBJECTED TO AT ANYOTHER TIME.
SEE VIRGIL V. STATE,84 WIS.2d 166,191,267 N.W.2d 852 (1978)
( QUOTING 3 CHARLES ALAN WRIGHT & ARTHUR R. MILLER,FEDERAL PRACTICE
AND PROCEDURE STAT.851 (1 st.Ed.1969) ALSO STATE V. STREET,202
WIS.2d AT 552,551 N.W.2d 159,177,344 N.W.2d 95 (1984):

### STAT.302.11 DATED 04-21-2016) ON COMPUTOR:

**STAT. 807.15-DEPT. SHALL RECALCULATE MANDATORY RELEASE DATE OF
THE INMATE OF HIS/HER NEW MANDATORY RELEASE DATE:
STAT. 807.15(3) ALL CONSCEUTIVE SENTENCES IMPOSED FOR CRIMES COMM -
ITTED BEFORE 12-31-1999,SHALL BE COMPUTED AS ONE CONTINUOUS
SENTENCE:NOT ADHERED TO IN HOHOL'S CASES.
SO FAR THERE IS NO MENTION OF STAT.302.11 OF LIBERTY INTERESTS
AT ISSUE:**
### STAT. 11:06   EXAMPLE OF FACTS REFUSED JUDICIAL NOTICE:
**A JUDGE ERRED WHEN HE CONSIDERED HIS/HER PERSONAL THOUGHTS OF THINK-
ING REGARDING EVIDENCE THAT WAS PRESENTED IN HOHOL'S CASES,AS IN
HIS HABEAS CORPUS CLAIM:
JUDGE CRABB VIOLATED HOHOL'S DUE PROCESS RIGHTS AS ACTING AS
A JUDGE AND JURIST:
EVERY DEFENDANT IN A CRIMINAL CASE HAS THE RIGHT UNDER THE SIXTH
AMENDMENT,U.S. CONST. AMEND.VI,TO PRESENT HIS/HER DEFENSE BEING
THAT THE EVIDENCE IS BOTH MATERIAL AND FAVORABLE TO HIS/HER DEFENSE**

SEE STATE V. BANKS,2010 WI APP.107,CH.18,328 WIS.2d 766,778-79, 790 N.W.2d 526,532 (ARGUED EXIGENT CIRCUMSTANCES. SEE SEGURA V. U.S. 468 U.S.796,804,104 S.CT.3380,82 L.ED.2d 599 (1984):

UNDER STAT.302.11- IF PAROLE COMMISSION DENIES PRESUMPTIVE RELEAS TO AN INMATE UNDER STAT. 304.06(1):

(1Q)(A)- AN INMATE WHO FILES AN ORDER OR SPECIAL PROCEEDING,INCLU ING A PETITION FOR A COMMON LAW WRIT OF CERTIORARI,TO WHICH S STAT.807.15 APPLIES SHALL HAVE HIS/HER MANDATORY RELEASE DATE EXTENDED BY THE NUMBER OF DAYS SPECIFIED IN THE COURT ORDER PREPARED UNDER STAT.807.15(3):

NOTE: THERE WAS NO COURT ORDER ON MR. HOHOL'S JUDGMENT OF CONVIC- TION BUT ONLY AFTER TEN YEARS IN PRISON BEING THAT REDGRAN- ITE PRISON STAFF ORDERED THE PRESUMPTIVE ORDER:

(1Q)(A)(B)-UPON RECEIVING A COURT ORDER UNDER STAT.807.15,THE DEP SHALL RECALCULATE THE MANDATORY RELEASE DATE OF THE INMATE TO WHOM THE ORDER APPLIES AND SHALL INFORM THE INMATE OF HIS/HER NEW MANDITORY RELEASE DATE:

NOTE: THERE WAS NO COURT ORDER FOR A PRESUMPTIVE RELEASE,ONLYTHE REDGRANITE PRISON STAFF DID AFTER HOHOL WAS IN PRISON FOR TEN YEARS:

STAT. 302.11(6): ANY INMATE RELEASED ON PAROLE UNDER SUB.(1) OR (1G)(B) OR STAT.304.02 OR STAT.304.06(1),IS ENTITLED TO ALL C CONDITITIONS AND RULES OF PAROLE UNTILL THE EXPERATION OF THE SENTENCE OR UNTIL HE/SHE IS DISCHARGED BY THE DEPT.:

STAT. 302.11 (9): EXCEPT AS PROVIDED IN SUB.(1G) AND (1z),THIS SECTION APPLIES TO PERSONS COMMITTING OFFENSES OCCURRING ON OR AFTER JUNE 01,1984,OR PERSONS FILING REQUESTS IN ACCORDANCE WITH 1983 WIS.ACT 528,SECTION 29(2) OR (3):

NOTE: THIS WOULD APPLY TO HOHOL'S CASES OF OOCF639 & JOINDER OICF380,WAUKESHA COUNTY COURT-WISCONSIN:

EDITOR'S NOTES:

COMMENTS-1983 ACT 483 STAT.1:

1983 WIS. ACT 194 CREATED A SERIOUS FELONY DEFINITION FOR USE IN DETERMINING A PRESUMPTIVE MANDATORY RELASE DATE FOR CERTAIN OFFENDERS:THE DEFINITION LISTED BATTERY AND SEXUAL ASSAULT OF A CHILD VIOLATIONS AS THEY EXISTED PRIOR TO CHARGES IN 1993 WIS.ACT 227 AND 441.THIS SECTION REVISES THE SERIOUS FELONY DEFINITION IN STAT.302.11(1G)(A) TO TAKE INTO ACCOUNT THE BATTERY LAW CHANGES IN 1993 WIS.ACT 441 AND THE SEXUAL LAW CHANGES IN 1993 WIS.ACT 227:

NOTE:  THERE WHERE NO COURT ORDERED PRESUMPTIVE RELEASE DATES OR ANYTHING ELSE LISTED UNDER HOHOL'S JUDGMENT OF CONVICTION DATED 10-31-2002:

SEE: 1993 ACT 483 STAT.1,EFF.JUNE 11,1994:
1995 ACT 22,STAT.555,EFF. JULY 01,1996:
@))! ACT 109,STAT.'S 385 TO 391,EFF. JULY 30,2002:

1993 ACT 483,STAT.6 PROVIDES:

TREATMENT OF STAT.302.11(1G)(A) 2 OF THE STATUTES FIRST APPLIES TO OFFENSES COMMITTED ON THE EFFECTIVE DATE < 06-11-19948>OF THIS SECTION BUT DOES NOT PRECLUDE THE COUNTING OF OTHER OFFENSES AS ? PRIOR OFFENSES FOR SENTENCING A PERSON.

SENTENCING A PERSON:

CONSTRUCTION WITH FEDERAL LAW:

IN HECK RULE PRECLUDED STATE PRISON INMATE'S STAT.1983,CLAIMS ALLEGEDING THAT HE/SHE WAS DEPRIVED OF DUE-PROCESS-PROTECTED LIBERTY INTEREST BY PRISON OFFICIALS FAILURE TO REMOVE THE ALLEGEDLY FALSE INFORMATION IN HIS/HER RECORD THAT DISQUALIFIED HIM/HER FROM ELIGIBILITY FOR MANADATORY PAROLE WOULD NECESSARILY INVALIDATE PAROLE BOARDS DECISION TO CONTINUE INMATE'S CONFINEMENT: SEE U.S.C.A. CONST. AMEND.14;42 U.S.C.A. STAT.1983,WIS. STAT.302. 11(1G)(B)2;SEE Brown V. Hackbarth,C.A.STAT.1983,C.A.7 (WIS)2011, 445 FED. APPX. 865,2011 WL 5024187) CIVIL RIGHTS-KEY 1097):

W.S.A STAT.302.11,WI ST.302.11-CURRENT THROUGH 2019 ACT 186, PUBLISHED APRIL 18,2020:

THIS WAS NOT STATED BY THE TRIAL COURT JUDGE IN HOHOL'S CASES, NOR THE JUDGMENT OF CONVICTION, BEING COMMITTED ON 06-11-1994:

IN SENTENCING A PERSON- <u>UNDER HECK RULE-IT PRECLUDES ANY CLAIM</u> OF DUE PROCESS PROTECTED LIBERTY INTEREST BECAUSE PRISON OFFICIAL AS REDGRANITE PRISON STAFF, FAILURE TO REMOVE THEIR FALSE INFORMATION REGARDING PRESUMPTIVE MANDATORY RELEASE CLAIM ON HOHOL RGCI-PRC REPORT IN ABOUT 2017-2018, WHERE PRISON STAFF APPLIED FALSE INFORMATION BECAUSE IT WAS NOT INCLUDED IN COURT RECORDS, SUCH AS THE JUDGMENT OF CONVICTION, DISQUALIFYING MR. HOHOL FROM RECEIVING MANADATORY PAROLE WHICH DOES INVALIDATE THE PRISON STAFF OF ITS FALSE INFORMATION BEING INJUSTICE TO MR. HOHOL AND PREJUDICE:SEE BROWN V. HACKBARTH, C.A. STAT.1983, C.A.7 (WIS.) 2011 445 FED. APPX, 865, 2011 WL 5024187) CIVIL RIGHTS -KEY 1097):

PLEASE REVERSE JUDGE CRABB'S DENIED DECISION FOR "COA":

PER JUDGE CRABB: IN AKBAR V. THURMER, NO:09-C-1045, 2010 WL 1375214 AT *1 £ E.D. WIS. APR.02,2010,DISMISSING ATTACK ON PAROLE COMMISSIONS DECISON TO DENY PAROLE UNDER $302.11 ,BECAUSE NO LIBERTY INTEREST AT ISSUE: £FALSE· SEE HECK RULE PRECLUDES PRISONER'S STAT.1983,CLAIM ALLEGEDING HE/SHE WAS DEPRIVED OF DUE-PROCESS-PROTECTED LIBERTY INTEREST AND NOT AS JUDGE CRABB STATES AS DISMISSING ATTACKS ON PAROLE COMMISSIONS DENIAL OF PAROLE:

RESPECTFULLY SUBMITTED,

X *Dennis Hohol*

DENNIS HOHOL #436152
Dated 12-13-2020
AN INDIGENT PRO SE INMATE IN PRISON SINCE 2002: